Good afternoon, Your Honors. May it please the Court. Let's just let everybody get settled. So I like your eagerness, Ms. Vergao. Am I pronouncing your name right? Vergao? Vergao. Vergao. I'm sorry. Yes. Megan Vergao from Morgan Stanley. And you've reserved three minutes for everyone. I have. Thank you, Your Honor. May it please the Court. In its order ruling on Morgan Stanley's motion to compel arbitration, the District Court made a merits finding that was, without question, not necessary to the Court's decision on arbitrability. That decision conflicted with the parties' agreement to arbitrate the merits of their disputes, and it violated the FAA's direction that disputes committed by the parties to arbitration must be arbitrated. Why is it without question necessary? I mean, you might know that I've – in my view, there's no such thing as the effective vindication doctrine or a representative ERISA claim, but that's not the view that has prevailed. So if we think there's such a thing as a representative ERISA claim and there's such a thing as an effective vindication doctrine, that means that you don't commit it to arbitration if you're giving up, you know, some kind of plan-wide claim, but you need to decide those questions before you decide whether the dispute is arbitrable. There – yeah, right. There are two questions the judge would have needed to decide before reaching the ERISA question as a necessary question. The first was the one that a judge focused on, which is whether plaintiffs were bringing a bona fide representative claim. The second would have been the effective vindication question, that is, whether the plaintiffs could effectively vindicate the claims they were bringing in arbitration. And frankly, when the judge issued his sua sponte order requesting the parties to address the ERISA issue because they hadn't in their briefing, that's how we – it was not clear what the judge intended, but that's how we interpreted the order, which is why in that order we explained – But if you had prevailed and the judge had decided on that issue, after he has a briefing on it, if he decided it in your favor, you wouldn't be renouncing that victory on the ground that this all should have gone to arbitration, right? I think you'd be contending with a mandamus condition from the plaintiffs who would be taking the position that that decision was not necessary. Right, because those are the games people play. Those are the games people play. I'm not saying you shouldn't do that, I'm saying, in effect, the judge analytically would want to proceed in order, right? You could have defended it on this ground. You didn't. He said, well, I should brief it. You didn't then say, please judge, we really shouldn't brief it because that should be for the arbitrator. You should just assume that and proceed to the next step. Well, the SAA actually doesn't give the judge the freedom to decide what ground they're going to decide the arbitrability question. The FAA, as judges have construed it, makes clear that judges are to decide only issues that truly are necessary to the arbitrability decision. Your argument is that there's dictum in this opinion, and that we should, if necessary, grant mandamus to tell the judge, take the dictum out of your opinion. If this were dictum, this might be an easier case. The difficulty for us is that the judge professed to be deciding the issue. It's necessary to the finding of, to the determination of arbitrability. Like, it has to, in order to be arbitrable, you have to decide whether it's covered by ERISA, and if so, whether it's a representative claim, and if so, whether arbitration would violate the effective indication doctrine. As I said, you know, under my view, you never need to decide those questions, but that's the law of our circuit, and so it is necessary to understand those principles before deciding whether it's arbitrable, right? I think the FAA requires the judge to approach the analysis in a different order. The judge — But you didn't say that. I mean, you said that on the motion for reconsideration after you lost, but you didn't say that when he asked you to brief it, right? No, we did. We understood — You said that each judge do not reach this question. Yes. We said that the merits must be decided in arbitration. And we argue — so there are three potential levels to the analysis. The first is that — You're asking us to tell the arbitrators, in effect, that what the district court said was dictum and you are not bound by it. Isn't it for the arbitrator to decide the preclusive effect of this? Indeed, haven't you won — at least won, and I think more than won, arbitrations on exactly that ground? We have. It's true. But the issue here is — So the arbitrators — it's for the arbitrators to decide, A, whether Judge Gardefie was just mouthing off with dictum here, and therefore it's not binding, or, B, that it's not binding anyway because it's just one district judge's opinion, no different than any other opinion that some other district judge might render in some other place. That's all for the arbitrators. But you're asking us to decide something that is for the arbitrators, aren't you? The problem is that the arbitrator can't vindicate the error under the FAA here. And the error under the FAA is that the district court shall send to arbitration — But he did. He did. He sent the case to arbitration. And now, once it's with the arbitrators, the merits of any sort are up to the arbitrators. But without reaching the merits. And the reason the FAA concludes — Wait, wait, wait, wait, wait, wait. Why is any of that relevant? If the case is going to the arbitrators, the real problem for you is actually of your own making, which is, with arbitrators, you might win some, you might lose some. You don't have the advantage of a class action where you might win the whole shoot-and-match or lose the whole shoot-and-match. You elected to have arbitrators. You also make an argument to us that the real problem here is that the arbitrators aren't lawyers. You picked those arbitrators. You decided to have business people, in effect, be the arbitrators, not lawyers, precisely so that they could do what they thought was just and apply the law the way they wanted to apply it. And you wanted it to be done in individual cases where some arbitrators might say one thing and some arbitrators might say the other. And nothing that the district court did can keep or has kept arbitrators from disagreeing with the judge. So why isn't the answer, the basic answer, is something that goes way to the basis of everything, which is you can't appeal a case where you won because you don't like the reasoning that the district court gave. With respect, Judge Lynch. So there's no appellate jurisdiction over this at all. Well, there's, the court can exercise its supervisory power either under appellate jurisdiction or under a mandamus petition. And the reason it's important is because of the federal policy favoring arbitration makes it important not for judges to reach the merits. But that policy prevailed. The case is sent to the arbitrators. The arbitrators are doing their jobs. They're deciding on their own what to do. Well, so even, I mean, you agree that the, whatever the district court said about the scope of ERISA does not bind the arbitrators, right? It does not bind the arbitrators, but it doesn't preclude claimants and plaintiffs in this case from arguing to the arbitration that it has issue-preclusive effect. Okay, but your whole theory of why we have jurisdiction is that the district court effectively denied arbitration even though it formally granted arbitration. But if, in fact, whatever it said doesn't bind the arbitrators and the arbitrators get to decide the questions however they want, how is that an effective denial? It went to arbitration. The arbitrators get to decide whatever they want. That's an order granting arbitration. So even if I agree with you that it might be inappropriate for the district court to just kind of opine on things when strictly it didn't need to, we just don't have jurisdiction over an order granting arbitration. Well, I'll just stress again, the court has jurisdiction either under Rule 16 or in the exercise of its mandamus coverage. But I want to get something really— You have to think it was so obviously incorrect. Well, I just want to get something across that's very, very important, which is that the FAA doesn't just protect sending the parties to arbitration. The FAA precludes district courts from addressing the merits. And the reason it does that is because it is so prejudicial for a district court to—you can have a full trial on the merits. Does it preclude the district judge from saying during an oral argument on the motion, I think, blah, blah, blah, about the merits of this case? Well, I think the Supreme Court in AT&T Technologies might have had an issue with that commentary, but that's not what we have here because the district— It doesn't preclude a judge from writing a law review article on the subject, does it? I got that exact question in a moot. And no, I don't think— I'm also as smart as your associate. I know. I know. Well, no, but there's a very significant difference because here the judge professed to be deciding the issue. We moved for reconsideration and said, can you clarify whether you're really deciding the merits? And he said, yes, I absolutely am deciding the merits in this case. But it doesn't bind the arbitrators. And with respect to arbitration, I mean, that's a really extraordinary remedy. And one of the requirements is that there's no other adequate means to attain the relief that you're seeking. And you've already won in arbitration. But we are— Well, doesn't that suggest there are other means for relief? No, there's no means of relief of reviewing the decision below. And this is— Wait, wait, wait. The decision below, it's not binding on anybody, right? All it says is—the only thing that this decision below says is, you've got to arbitrate this. You can't—we're not going to do this in court. There's a significant difference from our perspective between plaintiffs' ability to cite the Judge Gardafi's decision with subsequent authority dismissed for lack of jurisdictional appeal and citing it with the subsequent authority recognizing that the judge shouldn't have addressed the merits in the first place. Exactly what you're asking for is for us to give the arbitrators some help by saying, Judge Gardafi's thing, by the way, doesn't count, right? That's a very— We're asking you to enforce the F.A. And it's a congressional recognition that Congress has recognized in requiring judges to send issues to arbitration and not to decide the merits that the judges' thumb on the scale can be incredibly influential in arbitration. That's precisely why we have the necessary rule. Really, so, like, let's say we did that. Let's say we said the district court should not have replied on the ERISA question. Then the arbitrators would have an opinion of a district court saying ERISA applies, and it would have an opinion of an appellate court saying, well, we don't know if that's right or wrong, but you shouldn't have said that. I mean, don't you still have the same problem? There's, like, a persuasive but not binding authority out there that arbitrators might look to, and yet they can't fix the problem. This is the subsequent authority point, Your Honor. I think this is the subsequent authority point. There's a significant difference from our perspective between a decision that's out there purporting to address the issue that's not appealable and a decision that's out there purporting to address the issue that shouldn't have been. If it's not appealable, that's precisely the argument that you're making, that it is not preclusive, right? That's the argument you're going to make to the arbitrators, I assume, is you don't have to follow that. There's no collateral estoppel effect because there's no effective way to appeal it. But under the FAA, we should have no need to go into arbitration arguing about whether a judge's decision on the merits was issue-proclusive. But you have that if some other judge decided it in some other case where there wasn't an arbitration clause. You'd have a persuasive authority that doesn't preclude anybody. There's no collateral estoppel. It only has such – it's not the Supreme Court. It's not even in the circuit where this is happening. It's just an opinion of a district judge. And lo and behold, that's exactly what some arbitrators have recognized in this case. You're just asking us to give you a boost in the arbitration. Respectfully, Your Honor, we're not at all. We're asking the Court to enforce the FAA and the FAA's prescription on judges reaching the merits unnecessarily. And if I can just address that – If the FAA does not make an order that grants arbitration appealable. We think that the courts recognize a flexible understanding of what orders are actually doing when they interpret Rule 16. But this order does not actually do anything other than what it purports to do. There's an opinion. There's an opinion. Indeed, if this were in the ordinary course, if there were no arbitration clause and there was an appeal to us, we might well decide a case saying, you win or you lose. But we don't need to decide this other thing. We don't then grant an extra writ of mandamus telling the judge to take that out of his opinion or declare to the world that that victim or that thing that was not necessary for us to decide, to decide the case, is of no force and effect and is vacated and nobody should ever think about that again. It's out there as the judge's non-binding reflections on something that turned out not to be necessary to the decision. That's what you're asking us to do in this appeal, putting aside what effect it has on the arbitrators. You're asking us to opine on something that the district court did or didn't need to decide, not on what the district court actually did decide, what judgment was entered. You're asking us to review the opinion and the words of the judge, the non-binding words of the judge, not the judgment. We're asking you to review the question whether the judge's commentary was necessary to its decision on arbitrability, and if it was not necessary to the decision on arbitrability, then it violated the essay. Excuse me. To whom does that matter? It matters to all parties to arbitration clauses in this case. It matters to the arbitrators, right? Our opinion on that, you're saying, would matter to the arbitrators? It would not matter to the arbitrators. The opinion would matter to the parties in this case because it would mean the arbitration agreement between the parties was enforced as written, which is exactly what the essay requires. Would it preclude the other side from arguing whatever argument they're going to make and say, and proceed with, as Judge Gardefee said? I think there are ethical rules around the citation of authority that has been vacated. I think there's a distinction between something that's been vacated and— Wait, wait, wait. Have you ever seen an opinion from this Court or any other appellate court that vacates two paragraphs of dictum in a lower court opinion? We don't vacate opinions. We don't vacate words. We vacate judgments. If you want us to vacate the judgment directing it to arbitration, that would be weird, but we could do that, I suppose, if they had— Well, they can't because there's no jurisdiction to do that. Yeah, there's no jurisdiction to do that. There's no jurisdiction to do that. And this is where— I think this is where the mandamus remedy really makes good sense for this case. So can you cite a mandamus case that basically excises portions of a decision but doesn't affect the judgment? It can— Well, the— The judgment was, go arbitrate. Well, there's no judgment, right? I mean, that is the force of the Court's ruling, right? We're going to enforce this thing, so it's not a judgment per se, but it is effectively that is what you're left with. You're not asking us to revisit that. You're asking us simply to critique the judge's reasoning. We're— Well, we're asking you to enforce— Is there any mandamus case you can point to where that's what the circuit did on a motion for remedy? There— I mean, I think the Roger Botnam case is not exactly on point, but it's an of a judge exercising authority that did not belong to them. That's exactly what happened here. The judge exercised— reported explicitly to exercise authority that belongs to the  I'm not really sure why you're saying it doesn't belong to him. So, you know, we have these terms of a dictum and commentary on whether it's necessary, but like it was necessary to the arbitrability determination, right? Before you decide whether the claim is arbitrable, you need to decide whether ERISA covers it because if it does, it could be a representative claim and it could violate the effective vindication doctrine. So your argument is not that those aren't necessary steps on the way to the arbitrability determination. You're saying, well, at the first step, you could have assumed that deciding that ERISA applied. And even though it is a necessary step, the district court didn't need to say that it was reaching a definitive conclusion. So it's not really to say the district court did something unnecessary. You're talking about the difference between the district court saying I think ERISA applies and the district court saying I'm going to assume ERISA applies and move on to how it applies and make conclusions about that. But like that is even more nuanced than the idea that he's just engaging in some other commentary. So you're saying it's so clearly error for the district court to decide a question that is a necessary predicate to the arbitrability determination instead of assuming that it applied. Like, I don't see how like that is obviously erroneous. Well, so I'm glad you returned to that. As I said, I have a different view of ERISA, but that's what the law says. It is necessary to determine whether it's arbitrable. I'm glad that you returned to the question, Judge Menasche, because as we've explained in the briefs, courts have repeatedly recognized that courts should avoid addressing the merits to the greatest extent possible under the FAA, consistent with the FAA. And here, let me just spell out the pathway that the judge could have used to reach his opinion. As the parties argued in their briefs, let's say the judge was concerned about effective vindication. The judge could have decided, assuming ERISA applies, then I conclude that you are still able to obtain all the relief that you're entitled to under FAA. And that would have avoided, that would have completely left the merits for the arbitrators. These are all logical steps, and they're necessary to determine arbitrability. But at step one, instead of saying, I decide this, he could have said, I assume without deciding. And that's the rub. I mean, you know, we grant mandamus when the district court does something completely outlandish. The idea that the district court decided a necessary question instead of assuming the necessary question to decide questions two and three, it's hard to say that that's completely outlandish. For the FAA necessity decision to have meaning, it has to be, the judge has to take the path of least resistance. Otherwise, there's nothing to stop. So why is it passively? I mean, the judge has to decide that first question. Not at all. Because if the judge decided it your way, you would have won, and the case would have been sent to arbitration in the first place, right? If it's not an ERISA case, if it's just some other kind of employment dispute, there's not a remote basis for challenging the arbitrability. But neither party argued it that way, because neither party wanted the judge to decide that ultimate question. The party's focus was the judge. They didn't argue it in the first place, but the judge thought, hmm, this is something that's worth looking into, because maybe that would end the case. He did look into it. You briefed it. They briefed it. He decided it. And now what you're saying is, after he decided that, what he should have done, and maybe he should have, is to say, well, OK, in my mind, I've decided this. But I shouldn't say I've decided it. I should just proceed directly to the next thing. We're arguing something very, very different. So the judge could have decided he could have avoided the question altogether simply by analyzing whether or not plaintiffs could obtain effective indication of their claims in arbitration. That's what we put in our letter. We said, judge, you don't have to decide this. And it must be arbitrated, because plaintiffs can and must. And it must be, and it is being arbitrated. This is why I just don't understand this as anything other than a battle back and forth about who has the edge in the arbitration. And they're going to say, read Judge Garnafi's opinion. He's right about that. And you're going to say, well, first of all, he's wrong. And secondly, he shouldn't have even said it. And it's definitely not binding on you. And you'll have that fight. And that's all for the arbitrators to decide, including the preclusion question. Including the preclusion question, right? You'd want the arbitrators to be able to decide that. But you want us to decide it instead. But the terms of the party's agreement didn't contemplate bringing any of that with them to arbitration. And that's what the FAA is concerned about. The plaintiffs, they believe that this is a representative claim and that it's not arbitrable because of the effective indication doctrine, right? That's right.  So we have three questions. Whether ERISA applies, whether it's representative, whether the effective indication doctrine precludes arbitration. The district court is faced with those three questions. One path to arbitrability would be what you suggest, which is assume question one and then decide questions two and three and get to arbitration. But if the district court had decided question one in your favor and said ERISA never applied, it would have had to decide questions two and three, which then is avoiding even more merits decisions going into arbitration. So how could you say that the, even if there's a mandate to avoid deciding as many questions as possible, that your way is better than the way the district court did? Because the way that, you know, deciding the first question might have avoided lots of questions, other questions, right? So either way, the district court's deciding something about what ERISA requires. And it's not obvious to me that one way or the other is more or less merits questions. Well, there's only one question that's a merits question here, which is whether the case, the compensation at issue is subject to ERISA. And the judge facing those different pathways under the FAA, under the statute that governs here, should have decided not to put the merits first. Now, there's a world in which the judge might have had to reach the merits. If the judge concluded that this was a bona fide representative action and that plaintiffs were unable to obtain complete relief in arbitration, at that point, it would have had to address the merits. And that, that is an accommodation by the FAA of the judge's obligation to decide arbitrability. But that's the only circumstance. Thank you. All right. Well, look, we've got to move on. I think we understand your point. You have three minutes of rebuttal. We'll now hear from Mr. Jaczynski. Am I pronouncing that right? You are. Thank you, Your Honor. May it please the Court. There's no jurisdiction on this appeal. And if we're going to enforce the FAA, we can start with Section 16, which makes it very clear there's no jurisdiction. So I think the question, and the panel has been focused on this, is the mandamus issue. On that point, let me lead with this notion that Morgan Stanley had made any indication to the district court that it should not reach this question. The district judge was very clear in its order directing the party's briefing that the plaintiff had, I think as Judge Menasche indicated, rested its opposition to the motion to compel arbitration on the predicate that ERISA governs the claims and that, in turn, it's a representative action. Judge Gardner, if he says just that, in opposing defendant's motion to compel, the plaintiffs maintain their argument that Morgan Stanley's deferred compensation program is an ERISA plan. He goes on. He says the party's briefing does not adequately address whether Morgan Stanley's deferred compensation program is an ERISA plan, however. It orders the parties to brief it. The parties then brief the issue. I'm not entirely sure what Morgan Stanley expected to happen when the judge ordered us to brief that question, but the judge unsurprisingly reached it. In its letter brief, Morgan Stanley points to page A318 of the appendix for what they claim was preserving this issue. The relevant part is the very last paragraph on that page, where Morgan Stanley ends by saying, for the foregoing reasons, Morgan Stanley's deferred compensation program is not an ERISA plan, but plaintiffs could obtain the ERISA benefits relief they seek through arbitration if they were entitled to any relief at all. The only fair reading of that is that judge, even if you conclude that this is an ERISA plan, you should still send it to arbitration. That is precisely what the judge did. He concluded it was an ERISA plan, and he sent it to arbitration, and we didn't The argument, and it's not explicit, but the argument also means that you could also do what the opposing counsel suggests, which is you could assume that ERISA applies and that you could get individualized relief regardless. I think, Your Honor, that if it would be such an egregious error by the district court to even touch upon that question, that it was incumbent upon Morgan Stanley to put that in their letter brief. To seek mandamus review from this court, which requires a usurpation of judicial authority, requires extraordinary circumstances for that not to occur to Morgan Stanley, to be more expressed as a judge. Do you agree that whatever the district court said about whether ERISA applies doesn't bind the arbitrators? I think that is a question for the arbitrators. I think that the parties are free to debate the import of the Court's ruling. I think the RJE decision makes clear that the preclusive effect of any determination in one forum is for the subsequent forum to decide. So, you know, I have Well, if you do think it's possible that it binds the arbitrators, then this could be an effective denial, right? So if the district court says, well, I'm going to order arbitration, but I'm instructing the arbitrators to resolve questions about arbitrability in a certain, or about ERISA in a certain way, that's a denial. I think that Morgan Stanley would have to concede that point for this Court to have jurisdiction. And here's why I say that. Because there's such a thing as an order granting in part and denying in part. So to answer your question more directly, Judge Menage, I don't think that would be an effective denial. I think it would be a denial of the motion to That question. Right. And so Morgan Stanley can't have it both ways. They can't proceed to arbitration and say, you can disregard what Judge Gardner said. Why does it matter what position Morgan Stanley is taking? If it's not clear, like if we've decided that it was binding, then maybe we would conclude that that's a denial. And if you're not willing to say that it's not binding, then maybe there's a serious argument that it is binding. I think that if the Court were to conclude that it was binding, it would be a different question. I think that the point that I'm making is that the parties are free to argue the import of the decision to the arbitrators. My sense is that the more appropriate frame of reference that I would urge in arbitration is the law of the case. Because just as you might have a successor judge deciding a case with law of the case that precedes it, it's not going to be binding in a completely hand-tying way. It has some weight, but you can always depart from law of the case. You can depart from law of the case. So I think that probably is the appropriate frame. Well, that's true, but doesn't that mean that there is a partial denial of arbitration? Because, like, there's a determination about a question to be arbitrated, and even if the district could basically depart from it, it could only do so if it meets the law of the case factors. There's no case that — no, is the answer. I mean, there's no case, first off, that even suggests that effective denial is a thing. Section 16 of the FAA speaks in a binary sense of — I guess since I just said that there isn't such a thing as effective vindication, then maybe I should also agree there's no effective denial. Well, you don't — But you agreed that if the district court said, like, this is the answer to one of the questions, then that would be a partial denial. If the judge said, I'm deciding this, and the arbitrators don't need to go there because I have decided it, it would be a partial denial. That is not at all what Judge Gardoffy did. Well, whatever — whatever you argue to the arbitrators about whether it's binding or not, it is for the arbitrators to decide it. And once the arbitrator decides it, the only way that that could — I mean, you know, the only way that that determination either way could get challenged is if the argument was that that decision was in manifest disregard of the law, which would be a little bit difficult to make out in this situation, not to mention if we're all going to talk about the things that we believe that are not, in fact, the law. I don't believe there is in the Federal Arbitration Act any such thing as manifest disregard of the law. And I hope sooner or later the Supreme Court says so. But even — You just bought yourself a mandamus, my friend. Assuming that it is, assuming that there is such a thing as manifest disregard of the law, I don't see how — you know, it's up to them to decide this, this preclusion question. I think the right answer would be that it wouldn't be precluded. But I don't think — see, I just said that. I just said that. They can cite that if they want to. In your argument, Judge Lynch said this. But I don't think it's for us to make a ruling to that effect in advance because that's doing exactly what they're complaining about. That's telling the arbitrators how they should decide something that is for them to decide, at a minimum in the first instance, and maybe for all times. I think that's all correct, Your Honor. And I take the point — and I think this might answer Judge Menasche's question. The difference between the denial and what we have here is that the denial would be you're bound the arbitrators. They can't depart from that. There would be recourse on the back end to say there was only one thing the arbitrators could do here is treat this as an ERISA plan. There's no such thing. When this, you know, comes back to court to be vacated or affirmed from an order by the arbitration panel, you know, the standard arbitration review will apply. And that will apply with respect to our position as well. So I don't think we're going to have the opportunity to say, oh, no, it was an ERISA plan and that was determined as a matter of law. You know, so I — it's a roundabout way, I think, of trying to answer your question, Judge Menasche, is that I think I have to concede it isn't binding in that way. I think that I certainly can argue law of the case to an arbitration panel. I do want to also just point out, because of the references made to the parties' agreement, that, as I think Judge Menasche said, the district judge's reasoning was very logical in needing to address this ERISA question at the front end. But I want to point to where that's appropriate in the parties' agreement. On the special appendix page SPA-29, the court explained what it was doing in footnote 11, explained the parties' positions, which I won't repeat, but then pointed out that the agreements, the arbitration agreements, provide that any issue concerning the validity or enforceability of any class action, collective action, and representative action waiver contained in this arbitration agreement shall be decided by a court of competent jurisdiction and not by an arbitrator. So the judge very clearly understood that because the plaintiff's representative action arguments rested upon ERISA, any issue included the question as to whether ERISA applied in the course of deciding that. If there are no further questions, then I'll end. Thank you so much. All right. Thank you, Mr. Jaczynski. We'll now hear from Ms. Vergao. Thank you, Your Honors. I'll address just two points. One is Mr. Jaczynski's suggestion that plaintiffs would be free to argue in an arbitral proceeding that this is law of the case. Law of the case doctrine, of course, presupposes that a district court judge's review of the merits is reviewable on appeal. And that kind of argument would be available to plaintiffs only if the decision really were reviewable on appeal, which is — he's wrong. That's true. And actually, so that brings me to my second point, Judge Lynch. And that was the suggestion that the question of issue preclusion is for the arbitrators to decide. And on that, I would just say the parties' arbitration agreement didn't contemplate that issue preclusion would ever be an issue in arbitration at all because the arbitration agreement didn't contemplate that the merits would be addressed by the judge at all. Merits might have been addressed by the parties in some other case to which an arbitration agreement did not apply. And a party could be bound by that determination as a matter of issue preclusion. And I don't think there's anything in the arbitration agreement that expresses any views on issue preclusion as a thing. The arbitration agreement provides that this dispute will be resolved in its entirety in arbitration. The FAA enforces the parties' agreement to have the merits decided in arbitration by reaching the merits when it wasn't necessary to do so. The district court contravened that statutory protection, which is a violation of a statutory right, which is why there is jurisdiction on appeal and which is why the court should correct that now. Thank you, Your Honors. All right. Well, thank you very much. We will reserve the decision.